IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 19, 2010

**STATE OF TENNESSEE v. GARY DEWAYNE PITTS**

**Appeal from the Criminal Court for Davidson County**
**Nos. 2008-I-1431 and 2008-B-998     Cheryl Blackburn, Judge**

_____

**No. M2009-01907-CCA-R3-CD - Filed July 16, 2010**

_____

The Defendant, Gary Dewayne Pitts, appeals from the order of the Davidson County Criminal Court revoking his probation. In January 2009, the Defendant pleaded guilty to felony simple possession of cocaine and vandalism over $500 and received an effective three-year sentence as a Range II, multiple offender. His sentence was partially suspended, and he was placed on probation. Subsequently, a violation warrant was issued, wherein it was alleged that the Defendant violated his probation by using illegal drugs. After a hearing, the trial court took the matter under advisement so that the Defendant could be evaluated for a drug and mental health program. Based upon the results of the assessment evincing an unwillingness on the part of the Defendant to abide by the terms of the program, the trial court concluded that the Defendant violated the conditions of his probationary sentence and ordered that his original three-year sentence to the Department of Correction be reinstated. On appeal, the Defendant argues that the trial court abused its discretion by revoking his probation and ordering that the remainder of his sentence be served in confinement. After a review of the record, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the Court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Jeffrey A. DeVasher, Assistant Public Defender; Mary Kathryn Harcombe, Assistant Public Defender, Nashville, Tennessee, for the appellant, Gary Dewayne Pitts.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Jeff Burks, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## Factual Background

On August 9, 2007, the Defendant was approached by officers, who conversed with him. After consent was given, officers discovered a metal pipe on the Defendant's person. He was asked to "spit out" a rock-like substance in his mouth, but he swallowed it instead. The Defendant later stated that the substance was "a five rock." Thereafter, a Davidson County grand jury returned an indictment against the Defendant, charging him with felony simple possession of cocaine, possession of drug paraphernalia, and tampering with evidence (Case No. 2008-B-998). While out on bond for that offense, the Defendant "busted out windows of vehicles at a parking lot at the Henry Lewis Funeral Home" on October 6, 2008. Subsequently, the Defendant was charged with vandalism over $500 (Case No. 2008-I-1431).

On January 15, 2009, the Defendant pleaded guilty to felony[1] simple possession of cocaine and vandalism over $500, both Class E felonies. See Tenn. Code Ann. §§ 39-14-105, -14-408, -17-418. The remaining charges were dismissed. Pursuant to the terms of the plea agreement, he was sentenced to consecutive terms of two years for the possession conviction and one year for the vandalism conviction, resulting in an effective three-year sentence. The sentence for his possession conviction was a determinate release sentence,[2] and the one-year sentence was to be suspended. Following his release, the Defendant was placed on probation.

On June 12, 2009, a violation warrant was issued against the Defendant. The warrant alleged that the Defendant admitted to using marijuana and ecstasy on May 30, 2009, which was just two days prior to his scheduled June 1, 2009 drug screen.

A probation revocation hearing was held on July 17, 2009. The thirty-two-year-old Defendant admitted to violating his probationary sentence by using illegal drugs. The Defendant acknowledged his drug addiction and asked for professional help. He claimed that he had tried to get into "Elam Center," but was put on a waiting list. He had not received any new criminal charges while on probation and reported regularly to his probation officer.

---

[1] The Defendant had two prior convictions for simple possession, elevating this conviction to a felony. See Tenn. Code Ann. § 39-17-418(e).

[2] Persons receiving felony sentences of two years or less shall have the remainder of their original sentence suspended upon reaching their release eligibility date and are to be placed on probation for the remainder of that sentence. See Tenn. Code Ann. § 40-35-501(a)(3), (5).

The Defendant stated that, if released, he would live with his mother, who did not permit drugs in her household. He claimed he would be willing to attend an intensive outpatient program, which would help him stay off drugs. He had been looking for work as a sound engineer and, although he had been unsuccessful, he would keep looking for "a day job."

The Defendant also testified to a history of mental health problems, including a brief hospitalization. He desired to receive mental health counseling for depression. He also claimed that he would be willing to undergo an assessment by the Mental Health Cooperative and would comply with any treatment deemed appropriate for him.

On cross-examination, the Defendant confirmed that his criminal history began at age seventeen when he began using illegal drugs. He also acknowledged that he had been on probation before and that his probation had been revoked. He stated that he had been through the Lifelines Program twice while incarcerated. He did not remember the vandalism offense, having just been released from the mental hospital four hours prior to the events; he had mixed beer with his medication, causing an allergic reaction. He was in the hospital at that time for a "nervous breakdown."

The trial court ordered the Defendant to be evaluated for the "DDS"[3] program and took the matter under advisement.

The hearing resumed on August 7, 2009. Brandy Jimerson, a community corrections officer, testified that the Defendant was initially assessed by a counselor on July 24. The counselor said that the Defendant "did not really want to do Community Corrections. They discussed his drug addiction, halfway house treatment and he was not really interested in any of that."

Ms. Jimerson then sent a psychiatrist to talk with the Defendant. The psychiatrist also reported that the Defendant did not want to participate in the Community Corrections Program, that "he wasn't interested in a halfway house and the terms and conditions of Community Corrections." The psychiatrist also believed that, if the Defendant suffered from a mental health problem, it was substance induced.

Finally, Ms. Jimerson noted that the Defendant had also failed to appear in court on several occasions in the past, which was one reason a halfway house was recommended for the Defendant; however, the Defendant only wanted to reside with his mother. Furthermore,

---

[3] Apparently, the trial court is referring to the Dual Disorders Services Division of the Davidson County Community Corrections Program.

the Defendant did not want to follow any of the other requirements of the Community Corrections Program.

Defense counsel informed the trial court that the Defendant had obtained a job at Church's Chicken restaurant. The Defendant asked to enter the intensive outpatient program at the Elam Center in the mornings, so he could work the second shift at his job. He also wanted to live his mother. According to defense counsel, the Defendant misunderstood the purpose of the evaluation ordered at the first hearing, believing he was only to be assessed for an outpatient program.

At the conclusion of the hearing, the trial court revoked the Defendant's probation, reinstated his original three-year sentence, and remanded him the Department of Correction, concluding as follows:

> Well, he conceded that he violated. I, obviously, gave him opportunity to be evaluated by a dual program, because he testified about his mental problems and his drug habits and he had been released from a mental hospital and all this. Well, he didn't want to do that. So, that's okay. I'm not going to force anybody to do that, because it wouldn't be successful, in the first place. In other words, [the Defendant] wants to do what he wants to do, not what the [c]ourt has determined is the appropriate thing. So, again, that's okay. Sentence into effect.

It is from the order of revocation that the Defendant now appeals.

**ANALYSIS**

The Defendant contends that the evidence adduced at the hearing did not support full revocation of his sentence. The Defendant does not challenge the grounds supporting the violation, arguing instead that "his self-reported inability to completely conquer his drug addiction within the first few months of his probation does not justify his entire sentence being placed into effect."

A trial judge is vested with the discretionary authority to revoke probation if a preponderance of the evidence establishes that a defendant violated the conditions of his or her probation. See Tenn. Code Ann. §§ 40-35-310, -311(e); State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001). "The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial judge to make a conscientious and intelligent judgment." State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991).

When a probation revocation is challenged, the appellate courts have a limited scope of review. This Court will not overturn a trial court's revocation of a defendant's probation absent an abuse of discretion. See Shaffer, 45 S.W.3d at 554. For an appellate court to be warranted in finding that a trial judge abused his or her discretion by revoking probation, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." Id.

Based upon our review of the record, we conclude that there is substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation occurred. The Defendant admittedly used drugs while on probation, both marijuana and ecstasy. His original crimes were drug-related, and the Defendant agreed to be sentenced as a multiple offender. While his drug usage on probation was self-reported, his forthcomingness occurred just two days prior to a scheduled drug screen. The trial court attempted to rehabilitate the Defendant by allowing him to participate in a community corrections program, but the Defendant was unwilling to comply with the requirements. It was the Defendant who chose not to pursue treatment. Additionally, prior probationary sentences of the Defendant had been revoked. The trial court was statutorily authorized to reinstate the Defendant's original three-year sentence. See Tenn. Code Ann. §§ 40-35-310, -311(e), -36-106(e)(4). Although the Defendant urges us to conclude that serving his entire sentence is too harsh, we find no basis for concluding that the trial court abused its discretion in ordering confinement. See, e.g., State v. Jody Lee Turner, No. E2004-00060-CCA-R3-CD, 2004 WL 2709148, at *3 (Tenn. Crim. App., Knoxville, Nov. 29, 2004) (defendant rebuffed attempts to get him into a substance abuse program); State v. Willie Neal Burton, No. W2001-02997-CCA-R3-CD, 2002 WL 31258014, at *4 (Tenn. Crim. App., Jackson, Sept. 5, 2002) (despite defendant's long-term addiction, defendant chose not to pursue drug treatment when his case officer attempted to arrange it). Accordingly, we conclude that the trial court neither erred nor abused its discretion in revoking the Defendant's probation. This issue is without merit.

## CONCLUSION

Based upon the foregoing, the judgment of the Davidson County Criminal Court revoking the Defendant's probation and ordering reinstatement of his three-year sentence in the Department of Correction is affirmed.

_____
DAVID H. WELLES, JUDGE

-5-